UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHRISTOPHER GOODWIN,

    Plaintiff,

v.                                       Case No.  5:25-cv-324-AW/MJF

STATE OF FLORIDA and TOMMY
FORD,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed an emergency motion—which spans less than one full page—for a temporary restraining order ("TRO"). Doc. 2. Because Plaintiff's motion violates Rule 65 and the Local Rules, and because Plaintiff has failed to satisfy the prerequisites for a TRO, the District Court should deny Plaintiff's emergency motion.

### BACKGROUND

Plaintiff commenced this action against the State of Florida and Tommy Ford. Plaintiff alleges that on November 3, 2025, the Bay County Sheriff seized Plaintiff's firearms pursuant to a Florida court's domestic-

Page 1 of 6

violence injunction. Doc. 1 at 1, 7–13. Plaintiff asserts claims under the Second, Fourth, and Fourteenth Amendments.

## DISCUSSION

### A. <u>Failure to Comply with Rule 65 and the Local Rules</u>

When a plaintiff fails to comply with an applicable rule, the District Court "may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken." N.D. Fla. R. 41.1.

Here, Plaintiff's motion violates both the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Florida.

#### 1. *Rule 65*

Under Rule 65 of the Federal Rules of Civil Procedure, the district court may issue a TRO without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Plaintiff did not comply with Rule 65 of the Federal Rules of Civil Procedure insofar as he did not indicate what efforts he made to give notice of his motion or reasons why notice of his motion should not be required. This alone requires denial of Plaintiff's motion. *Ragan v. Blakely*, 2022 WL 635425, at *3 (S.D. Ga. Feb. 10, 2022); *VanDeCruze v. Nationstar Mortg. LLC*, No. 8:18-CV-1027-T-36MAP, 2018 WL 3391349, at *2 (M.D. Fla. May 1, 2018); *see Moon v. Newsome*, 863 F.3d 835, 837 (11th Cir. 1989).

### 2.   *The Local Rules*

Plaintiff's motion also violates the Local Rules: Plaintiff's motion does not include a case style. The first page of a document must begin with the case style. The case style must include the name of the court, the case number (including the initials of the assigned judges), and the name of at least one party on each side of the case. N.D. Fla. Loc. R. 5.1(B); *see* Fed. R. Civ. P. 10(a). For this reason too, the District Court should deny Plaintiff's motion for a TRO.

## B. Failure to Establish Entitlement to a TRO

A TRO is an extraordinary remedy. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Bloedorn v. Grubs*, 631 F.3d 1218, 1229 (11th Cir. 2011). TROs are granted only in exceptional cases. *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983). The chief function of a TRO is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (discussing preliminary injunctions); *Granny Goose Foods Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (discussing TROs); *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989).

To establish entitlement to a TRO, a movant must demonstrate:

(1) a substantial likelihood of success on the merits of the underlying claim;

(2) a substantial likelihood of suffering irreparable injury if the TRO is not granted;

(3) that the threatened injury to the plaintiff outweighs any injury the nonmovant might suffer from the TRO; and

(4) the TRO would not disserve the public interest.

*Winter*, 555 U.S. at 20; *Vital Pharm., Inc. v. Alfieri*, 23 F.4th 1282, 1290-91 (11th Cir. 2022); *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (discussing the requirements for issuing a TRO). The third and fourth elements merge when, as here, the party opposing the preliminary injunction is the government. *See Swain v. Junior*, 958 F.3d 1081, 1091 (11th Cir. 2020) (per curiam). Failure to establish even one of the first two factors is fatal to a motion for a TRO. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) *(per curiam); Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989).

Plaintiff's motion—which spans less than one full page—is devoid of an analysis of these factors, and the facts, at this juncture have not been sufficiently developed to conclude that there is a substantial likelihood that Plaintiff will ultimately prevail on the merits. For this reason, also, the District Court should deny Plaintiff's motion for a TRO.

## CONCLUSION

Because Plaintiff failed to comply with applicable procedural rules and failed to establish essential prerequisites for a temporary restraining

order, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** without prejudice Plaintiff's Emergency Motion for a temporary restraining order.

At Pensacola, Florida, this 3rd day of December 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**